UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARRIS,<br><br>                    Plaintiff,<br><br>          v.<br><br>M. VELASQUEZ, *et al.*,<br><br>                    Defendants. | Case No. 1:25-cv-00604-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS[1]<br><br>(Doc. No. 12)<br><br>ORDER DIRECTING CLERK TO CORRECT CAPTION |

    Plaintiff David Garris, a state prisoner proceeding pro se, and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  (Doc. No. 1, "Complaint").  On July 30, 2025, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable Eighth Amendment failure to protect claim against Defendants M. Velasquez, R. Duran, and Funk in their individual capacities only.  (Doc. No. 11). The Court found that Plaintiff failed to state a claim against, Defendants Hall, Delima, and Macomber and the Complaint failed to state a conspiracy claim or a claim under the Equal Protection Clause .  (*Id*. at 6-10).

    The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Federal Rule of Civil Procedure 41(a)(1) and Rule 15 that he is willing to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1    stand on his complaint as screened and proceed only on his Eighth Amendment claim against

2    Defendants M. Velasquez, R. Duran, and Funk in their individual capacities only; or (3) stand on

3    his complaint subject to the undersigned issuing Findings and Recommendations to dismiss the

4    claims not deemed cognizable.  (*Id*. at 10-12).

5          On August 18, 2025, Plaintiff filed a notice electing "to stand on the complaint as

6    screened and proceed only on those claims the court deems cognizable, effectively dismissing

7    Defendants J. Macomber, T. Hall, and M. Delima without prejudice under Federal Rule of Civil

8    Procedure 41(a)(1) and Rule 15."  (Doc. No. 12, "Notice").  Plaintiff may voluntarily dismiss any

9    defendant or claim without a court order by filing a notice of dismissal before the opposing party

10   answers the complaint or moves for summary judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no

11   party has answered or moved for summary judgment.  (*See* docket).  Further, the Ninth Circuit

12   recognizes a party has an absolute right prior to an answer or motion for summary judgment to

13   dismiss fewer than all named defendants or claims without a court order.  *Pedrina v. Chun*, 987

14   F.2d 608, 609-10 (9th Cir. 1993).  Alternatively, the Court construes Plaintiff's Notice as a

15   motion to amend the Complaint under Federal Rule of Civil Procedure 15(a) to withdraw his

16   conspiracy claim and claim under the Equal Protection Clause.  *Hells Canyon Pres. Council v.*

17   *U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism"

18   when party is eliminating an issue or one or more claims but not completely dismissing a

19   defendant).

20         In accordance with Plaintiff's Notice, Defendants Hall, Delima, and Macomber and

21   Plaintiff's conspiracy and claims under the Equal Protection Clause are dismissed by operation of

22   law pursuant to Rule 41 and 15.  Plaintiff's Complaint will proceed only on his Eighth

23   Amendment failure to protect claim against Defendants M. Velasquez, R. Duran, and Funk in

24   their individual capacities.  (*See* Doc. No. 1).  The Court will direct service of process on

25   Defendants M. Velasquez, R. Duran, and Funk by separate order.

26         Accordingly, it is **ORDERED**:

27       1. In accordance with Plaintiff's Notice, Defendants Hall, Delima, and Macomber and

28           Plaintiff's conspiracy and claims under the Equal Protection Clause are dismissed by

1  operation of law pursuant to Federal Rule of Civil Procedure 41 and 15.

2     2. The Clerk of Court shall correct the docket to reflect Plaintiff's voluntary dismissal of
3  Defendants Hall, Delima, and Macomber.

Dated:   August 19, 2025

                            HELENA M. BARCH-KUCHTA
                            UNITED STATES MAGISTRATE JUDGE